IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUGUSTINE J. BANNISTER<br>5801 Quantrell Avenue, Apt. L-1<br>Alexandria, VA 22312<br><br>Plaintiff,<br><br>v.<br><br>HASSAN SEDAGHATPOUR,<br><br>SERVE:<br>10108 Nedra Drive<br>Great Falls, VA 22066-2835<br><br>and<br><br>ASMA, INC.<br><br>SERVE:<br>c/o Hassan Sedeghatpour<br>10108 Nedra Drive<br>Great Falls, VA 22066-2835<br><br>Defendants. | Case: 1:15-cv-02029<br>Assigned To : Sullivan, Emmet G.<br>Assign. Date : 11/19/2015<br>Description: General Civil (K Deck)<br><br>JURY TRIAL DEMANDED |

COMPLAINT

1. Plaintiff AUGUSTINE J. BANNISTER brings this lawsuit for violations of the federal Fair Labor Standards Act ("FLSA") and District of Columbia employment law.

THE PARTIES

Plaintiff

2. Plaintiff AUGUSTINE J. BANNISTER is a former employee of Defendants, having worked for them in the District of Columbia. He is a resident of Virginia. He worked for

Defendants at the Defendants' restaurant ("the Restaurant") at the Union Station food court. He was responsible for a variety of duties at the Restaurant, including preparing food and, when necessary, operating the cash register. He was employed from prior to 2012 through approximately December 31, 2014.

3. As an integral part of his job duties, Plaintiff engaged in interstate commerce, including manipulating and transforming materials that often originated in places outside of the District of Columbia. Moreover, the restaurant was located in Union Station, a busy hub of interstate commerce and many of its customers were from other states or were travelling to or from other states.

<u>Defendants</u>

4. Defendant ASMA INC. ("ASMA"), is a Maryland corporation whose status is listed as "forfeited" by the Maryland Department of Assessments and Taxation Business Services. According to District of Columbia records, ASMA is currently registered to do business in the District, with the address listed for it being the address of Union Station.

5. ASMA operated the Restaurant which, at all relevant times operated in the Union Station food court, in the District of Columbia, and was known as Mama Ilardo's Pizzeria (or by a substantially similar name) and, subsequently, as Vittorio's Pizzeria (or a substantially similar name). The Restaurant closed at approximately the end of 2014. ASMA may also have operated or operates other restaurants.

6. If ASMA is not a corporate entity, it is liable as a non-corporate business entity, as are its owners.

7. ASMA was an enterprise whose annual gross volume of sales made or business done was not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

8. ASMA was, at all relevant times, an employer of Plaintiff.

9. Defendant HASSAN SEDAGHATPOUR ("Hassan") was one of the persons principally in charge of managing and operating the Restaurant and was one of two owners of ASMA and the Restaurant.

10. On his LinkedIn web page Hassan lists himself as "owner at asma inc."

11. Hassan was at all relevant times an employer of Plaintiff.

12. Hassan was physically present at the restaurant virtually every day (aside from weekends) and was one of Plaintiff's supervisors. He had the authority to determine the hours that Plaintiff worked, how much he was paid for his work, and to terminate Plaintiff. He also had actual knowledge of Plaintiff's actual wages.

13. The other owner of the Restaurant was Hassan's brother, Mohammad A. Sedaghatpour.

## THE CONDUCT AT ISSUE

14. During his employment by Defendants, Plaintiff regularly worked more than forty hours in a workweek. In fact, Plaintiff worked an approximate average of more than sixty hours per workweek.

15. Plaintiff was not paid a premium for work in excess of forty hours per workweek, as is required by the FLSA and D.C. law.

16. During certain months in the second half of 2014, Plaintiff was paid $9.26 per hour even though, at that time, the D.C. minimum wage was $9.50 per hour.

17. The obligation to pay overtime and the minimum wage is well known in the business community and this obligation was known to Defendants who intentionally (or, in the alternative, recklessly) failed to comply with it. Defendants had special reason to know of their relevant legal obligations because they were sued in this Court in 2011 for violating the FLSA and D.C. wage and hour law.

## JURISDICTION AND VENUE

18. This Court has original subject matter jurisdiction over Count 1 of this action pursuant to 28 U.S.C. § 1331 as this case includes a claim that arises under federal law. This Court has supplemental jurisdiction over Counts 2-4 pursuant to 28 U.S.C. § 1367 because those claims arise from a common set of operative facts and are so related to the claims in the action within the original jurisdiction of the Court that they form part of the same case or controversy.

19. Most or all of the wrongful acts alleged in this Complaint occurred in the District of Columbia. Venue lies in this Court pursuant to 28 U.S.C. § 1391.

## JURY DEMAND

20. Plaintiff demands a trial by jury for all claims which may be so tried.

## INITIAL COMPLAINT

21. Plaintiff, through the undersigned counsel, filed his initial Complaint in this matter on September 21, 2015 accompanied by a Motion seeking permission for Plaintiff to file this case in forma pauperis. That Complaint was assigned Case 1:15-mc-01464-UNA. On October 26, 2015 this Court denied Plaintiff's Motion. A copy of that Motion was sent to Plaintiff personally but not to his attorneys. Plaintiff's counsel now files this Complaint, accompanied by

payment of the filing fee, promptly after learning of the Court's Order. This Complaint and the Complaint filed on September 21, 2015 are materially the same except for this paragraph.

## CAUSES OF ACTION

22. Plaintiff seeks relief for the cause of action set out below.

### COUNT 1
### VIOLATION OF THE FLSA – UNPAID OVERTIME

23. The foregoing paragraphs are incorporated herein.

24. Defendants' conduct, in not paying Plaintiff at a time and one half rate for hours worked in excess of forty during a workweek, violated 29 U.S.C. § 207, which required that Plaintiff be paid at such a rate for such overtime work.

25. Pursuant to 29 U.S.C. § 216 Plaintiff is entitled to damages of double the amount that should have been paid plus reasonable attorneys' fees and the costs and expenses of litigation.

### COUNT 2
### VIOLATION OF THE D.C. MINIMUM WAGE ACT REVISION ACT (DCMWA) – UNPAID OVERTIME

26. The foregoing paragraphs are incorporated herein.

27. Section 32-1003(c) of the DCMWA provides that "[n]o employer shall employ any employee for a workweek that is longer than 40 hours, unless the employee receives compensation for employment in excess of 40 hours at a rate not less than 1 1/2 times the regular rate at which the employee is employed."

28. Defendants violated the DCMWA in not paying Plaintiff at a time and one-half rate for hours worked in excess of forty during a workweek.

## COUNT 3
### VIOLATION OF THE D.C. MINIMUM WAGE ACT REVISION ACT (DCMWA) – MINIMUM WAGE

29. The foregoing paragraphs are incorporated herein.

30. Section 32-1003(a)(3) of the DCMWA provides that each employer shall pay a minimum wage of $9.50 an hour for all work performed after July 1, 2014.

31. Defendants violated the DCMWA by failing to pay Plaintiff the required minimum wage for certain pay periods after July 1, 2014.

## COUNT 4
### VIOLATION OF THE D.C. WAGE PAYMENT AND COLLECTION LAW (DCWPCL) – FAILURE TO TIMELY PAY WAGE

32. The foregoing paragraphs are incorporated herein.

33. D.C. Code § 32-1303 provides that "[w]henever an employer discharges an employee, the employer shall pay the employee's wages" within four days and that "[w]henever an employee ... quits or resigns, the employer shall pay the employee's wages due upon the next regular payday or within 7 days from the date of quitting or resigning, whichever is earlier."

34. D.C. Code § 32-1301(3) defines wages to include, inter alia, an "overtime premium."

35. Defendants' failure to timely make such payment was willful, intentional and in bad faith.

36. Because of their failure to pay overtime and minimum wage, Defendants failed to timely pay Plaintiff wages owed, violating the DCWPCL and entitling Plaintiff to the relief provided for in the DCWPCL, which provides for damages of four times the amount that should have been paid but was not paid.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment, jointly and severally against each Defendant, as follows:

a) An award of double the amount Defendants should have paid Plaintiff pursuant to the FLSA but were not paid.

b) An award to Plaintiff of reasonable attorneys' fees, expenses of litigation and costs of this action.

c) Injunctive relief to prevent future violation of labor law.

d) Such further relief as the Court deems necessary and proper.

Dated: November 19, 2015                     Respectfully,


By _____
Matthew B. Kaplan (D.C. Bar No. 484760)
The Kaplan Law Firm
509 N. Jefferson St.
Arlington, VA 22205
Telephone: (703) 665-9529
Fax: (888) 958-1366
Email: mbkaplan@thekaplanlawfirm.com

*Counsel for Plaintiff*

Dennis A. Corkery (D.C. Bar No. 1016991)
Matthew K. Handley (D.C. Bar No. 89946)
WASHINGTON LAWYERS' COMMITTEE FOR
CIVIL RIGHTS AND URBAN AFFAIRS
11 Dupont Circle, Suite 400
Washington, DC 20036
Phone: (202) 319-1000
Fax:    (202) 319-1010
Email: Dennis_Corkery@washlaw.org
           Matthew_Handley@washlaw.org